## WM. E. LEVERICH, Curator of WALSH. v. AMOS ADAMS et al.

In actions which involve the question of simulation, great latitude is permitted in the introduction of proof, and officers may be called upon to state anything which does not directly contradict their return, although the same may be connected with other and extraneous proof which shall have the effect of showing that the officer was mistaken in such return.

The law abhors a multiplicity of actions against the same person, and does not favor the collection of a multiplicity of actions against different and distinct persons in the same suit.

Where a party was appointed guardian to a minor by the courts of Mississippi, and subsequently removed to the State of Louisiana, bringing the minor with him, thereby changing the domicil of the minor, and obtained possession of the effects of the minor in a fiduciary capacity—*Held:* That even if the authority granted by the Mississippi courts terminated on his removal, he was yet responsible as a *negotiorum gestor,* and the minor was entitled to call him to account, and moreover had his tacit mortgage under Art. 3283 of the Civil Code.

If the minor is entitled to his account, and if he has a tacit mortgage under a real statute, he must have an action here to enforce his rights.

A party does not forfeit his right to that which is really due him, by the rendition of a judgment for a larger sum.

APPEAL from the District Court of the Parish of E. Baton Rouge, *Beale,* J.  *T. G. Morgan,* for plaintiff and appellant.  *A. M. Dunn,* for defendants.

MERRICK, C. J.  This case was before us in 1856, and was remanded for a new trial upon the action of nullity against the judgment obtained by *James S. Baily* against *Amos Adams,* who had acted as his tutor.  See 11 An. 510.

The record is voluminous; but a careful examination of the evidence has satisfied us of the correctness of the conclusions of the Judge of the lower court upon the main facts of the case.  We shall not, therefore, state the facts of the case further, but proceed at once to dispose of the questions of law urged upon our attention by appellant's counsel.

The first is a bill of exception to the ruling of the court permitting the Deputy

Sheriff, *L. C. Morris*, to testify that " he did not know *Kendall Dunbar*, and does not think or know that he ever saw him," on the ground that to the order of seizure and sale, issued at the suit of the *Citizens' Bank* v. *Kendall Dunbar*, he had returned " that the parties being at the time and place appointed for the sale of said property, waived the appraisement thereof."

The charge made by the defendant is that the sale under the order of seizure and sale, to *McCalop*, was fraudulent and simulated. In this sort of action, as admitted by plaintiff's counsel, great latitude is permitted in the introduction of proof, and we think that officers may be called upon to state anything which does not directly contradict their return, although the same may be connected with other and extraneous proof which shall have the effect of showing that the officer was mistaken in such return. In this instance, we think plaintiff's counsel concedes the admissibility of the testimony when he says " *Non constat* that he (*Kendall Dunbar*) was not represented by some special agent or by his attorney." Under the circumstances, we think the ruling of the District Judge who tried the case ought not to be disturbed, more particularly as we deem the evidence sufficient to maintain the judgment without reference to this testimony.

Again, it is urged that there was error in dismissing the suit as to *Mrs. Adams*. The plaintiff's action is in the nature of a petitory action, and was brought to enjoin the sale of a plantation and slaves under a judgment in favor of *James S. Baily*. Until *Mrs. Adams* had attempted to enforce her judgment to the prejudice of the plaintiff, he was without interest to attack it. It is true the law abhors a multiplicity of actions, but it means actions against the same person. It does not favor the collection of a multiplicity of actions against different and distinct parties in the same suit. The suit to annul the judgment of separation of property in favor of *Mrs. Adams* was, therefore, properly dismissed.

Again, it is contended that inasmuch as *Amos Adams* was appointed guardian to *Baily* by the courts in Mississippi, where he resided at the time, he cannot be held as an intermeddler; and if he misapplied the property of his ward, the action should be prosecuted against him and his surety in the State of Mississippi and not in the courts of this State.

It is shown that *Adams*, who had married the mother of the minor, removed with his wife from the State of Mississippi, where his wife had been domiciled with her first husband, to the parish of East Baton Rouge, in 1836, and brought the minor with him. He thereby changed the domicil of the minor. He obtained possession of the effects of the minor in a fiduciary capacity. Now, it is a matter of no moment in this case, whether the authority granted by the Mississippi courts terminated on the removal to this State or not; for, if he continued to be tutor, he was bound to account under our law, and the minor became entitled to his tacit mortgage for the security of the trust. If the office terminated, he became a *negotiorum gestor*, and the minor was also entitled to call him to account, and moreover had his tacit mortgage under Art. 3283 of the Civil Code. See *Pratts* v. *His Creditors*, 2 Rob. 508 ; *New Orleans Insurance Company* v. *Tio*.

It cannot for a moment be admitted, that a party who has a personal demand against another shall be sent to a foreign State or jurisdiction for redress. There cannot be a right without a remedy. If the minor is entitled to his account, and if he has a tacit mortgage under a real statute, he must have an action to enforce his rights.

Again, it is argued that the judgment of the minor against *Adams* was fraudulent, and therefore, it ought to be set entirely aside. It is true that the defen-

dant has been able to establish only $11,315 68. instead of $16,136 62, of the amount admitted by the tutor in the account, which was homologated. But it does not appear to us, that the minor forfeited his right to that which is really due him, by the rendition of a judgment in his favor, for a larger sum. Had there been no judgment, his claim would have been the same, except as to the right to issue execution.

It is next objected, that the court erred in dismissing the plaintiff's demand in warranty against the Citizens' Bank and *Dunbar.*

The Sheriff's sale to *McCalop* was a simulation made for the benefit of *Adams.* Even the price does not appear to have been paid to the bank to this day, and the bank is now endeavoring to enforce her mortgage against the property in this proceeding, and has a judgment in the lower court in her favor for the same. There is no ground for calling either the bank or *Dunbar* in warranty.

The plaintiff urges, in conclusion, that *Walsh* was a purchaser in good faith and for a sound price, and therefore, he cannot be affected by the defect in *McCalop's* title. We are satisfied with the conclusions of the District Judge on this branch of the case. It is evident, from the large indebtedness of *Adams,* the informal Sheriff's sale to *McCalop,* the fact that the price was never paid, that *Adams* always remained in possession as owner; that *Walsh,* his factor, undertook to take *McCalop's* place, who he acknowledges was *Adams'* agent; that he agreed, on reimbursement, to transfer the property to *Adams* or to any one he should designate, without warranty; that there was no stipulation of warranty between them; that *Walsh* charged his liabilities on *Adams'* account, including the bank debt to him, and accounted to him for the crops; we say from all this, it is evident, that the sale was a simulation, and at most, while it screened the property from creditors, was only intended to secure *Walsh* for such advances as he might make *Adams.* The judgment of the lower court does full justice to all parties.

Since the rendition of the decree in the lower court, *Amos Adams* has departed this life, and the defendant, *Clara L. Adams,* has been appointed the administratrix of his succession.

The effect of the affirmance of the judgment, which is not complained of in other particulars, will be to bring the property in dispute into the succession of *Amos Adams* for administration, where the plaintiff will be at liberty to set up all claims he may have for disbursements made on account of *Adams,* or other demands for money against said succession. See 11 An. 267.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, the plaintiff paying the costs of the appeal; it being understood that the plaintiff will be at liberty to set up all claims he may have for disbursements made on account of said *Amos Adams,* deceased, or other demands for money against the succession.