## No. 2564.—L. Surgi v. Jeannette Matthews et al.

The acts of the General Assembly of 1867 and 1868 providing for the construction and the maintaining of the levees on the Mississippi river in the State of Louisiana superseded the former laws imposing upon the riparian proprietors the burden of constructing such levees at their own cost, and the parishes were thereafter without the right or authority by ordinance of the police jury or otherwise, to bind the lands of any front proprietor for the construction of any levee on the bank of the river.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Miller, J. Farrar & Montgomery*, for plaintiff and appellant. *Wickliffe & Fisher* and *Charles H. Hewes*, for defendant and appellee.

Taliaferro, J. The plaintiff sets forth, that by an adjudication of a levee contract made under the authority of the parish of Pointe Coupée on the sixteenth of October, 1867, he became the undertaker of the work let out, which was the building of a levee in front of the tract of land belonging to the defendant on the Bayou Grosse Tete; that he performed the work in accordance with the terms proposed for the sum of $11,238, his being the lowest bid made at public sale; that by law he has a privilege upon the land on which the levee was built to secure the payment for the work; and that both the proprietor of the land and the police jury of the parish of Pointe Coupée refusing to pay him the sum aforesaid or any part thereof, as they are bound by law to to do under special contract with him, he brings this suit and prays judgment in the alternative against either of the defendants with privilege on the land; that the police jury be condemned *in solido* with the other defendant to pay the said sum of $11,238 and be ordered to levy a tax on the parish aforesaid to pay the debt and costs.

The defendant (Mrs. Matthews) excepted to the form of action

adopted by the plaintiff, because he alleged separate and distinct causes of action against distinct defendants who are illegally joined in the action, for the reason that there is no priority of contract between them, and that the allegations are vague and indefinite, and which, if true, go to show that plaintiff has no claim against her. The court sustained the exception and ordered a non suit entered as to the police jury. We think this ruling correct.

The remaining defendant answered, denying all the allegations of the petition and averring all the acts and proceedings of every kind alleged to have been done and taken by the police jury and its officers in the premises are null and void for the reasons that said police jury was without power or authority to pass the pretended ordinance under which the plaintiff claims to exercise the right to render the defendant's land liable for the payment of the work he alleges he has performed.

Judgment was rendered in favor of the defendant, reserving to the plaintiff the right of presenting his claim against the Board of Public Works, or against any corporation or any person other than the defendant. From this judgment the plaintiff has appealed.

In September, 1867, the police jury of the parish of Pointe Coupée assembled in pursuance of an order rendered by General Sheridan, under date of thirtieth of August, 1867. A committee was appointed, who reported that the levees in that parish could not be built or repaired by taxation or by imposing the burden upon riparian proprietors, owing to the impoverished condition of the people, overwhelmed as they were with debt. That the front proprietors, if required at their own cost to build the levees, would be compelled to abandon their lands to the parish. The report was introduced in evidence by the defendant to show that the true intent and meaning of the ordinance of September, 1867, is in consonance with the spirit of the report; that it is only by a perversion of the spirit and letter that it is construed, so as to impose upon the defendant the ruinous obligation of performing a work, the cost of which would exceed the value of her plantation. At the next succeeding term of the police jury, in January, 1868, this ordinance was repealed. It was only a few days after the plaintiff commenced his work that the ordinance under which the contract was let was repealed. He continued, however, to prosecute the work, and it was received by the inspector appointed to superintend the building of the levee.

In a case recently decided by this court (the case of the Police Jury parish of Jefferson v. J. J. Tardos), we had occasion to examine at some length the question whether the acts of the Legislature of 1867 and 1868 suspended the previous laws imposing upon riparian proprietors the burden of constructing levees at their own cost along the margin of the Mississippi in front of their lands. The conclusion reached was

·that they did, and that the order No. 130 of General Sheridan, dated August 30, 1867, was in harmony with these acts. The case now before us is one which presents a much stronger claim for relief under the laws now in force on the subject of levee building than the one of Police Jury of Jefferson v. J. J. Tardos. And for the reasons stated in that decision we sustain the decision of the lower court 'in the present case.

It is therefore ordered, adjudged and decreed that the judgment of .the District Court be affirmed, with costs in both courts.