## No. 938.

BAPTISTINE DERBES ET AL. VS. DUPLESSIS ROMERO ET AL.

This is a petitory action against the defendants, who are alleged to be in possession as trespassers of a tract of land in the parish of Iberia, measuring more than thirty-seven arpents in front by forty in depth. Defendants except on several grounds to the action, the most important of which being that they each own distinct lots of the land in controversy, and therefore can not be sued collectively, and also for the additional reason that the value of the lots owned separately was less than five hundred dollars. The judge *a quo* erred in declining jurisdiction *ratione materiæ.* The land claimed by plaintiffs is worth more than five hundred dollars. The value of the property thus claimed determines the jurisdiction of the court. This is a question of title. For the settlement of this question defendants are interested alike, regardless of the extent of their respective claims to the property in dispute. The case is remanded.

APPEAL from the Third Judicial District Court, parish of Iberia. *Train,* J. *M. Voorhies & F. Voorhies,* for plaintiffs and appellants. *DeBlanc & Fournet,* for defendants and appellees.

WYLY, J. Plaintiffs, the heirs of Jean Baptiste Derbes, bring this petitory action against the defendants, who, they allege, are in possession as trespassers of a tract of land in the parish of Iberia, measuring thirty-seven and two thirds arpents front by a depth of forty arpents, which the ancestors of plaintiffs purchased in 1836 from Miss Estelle Fontenette, the deed being duly recorded.

Defendants excepted to the suit on several grounds, the most important being that they each own separate and distinct lots of the land in controversy, and can not be sued collectively.

The court maintained this exception; and for the additional reason

Derbes vs. Romero.

that the value of the lots, separately, was less than five hundred dollars, the judge concluded the court was withou jurisdiction *ratione materiæ.*

In support of their pretensions that they are owners of separate lots of this land, the defendants adduced at the trial of the exception a deed purporting to be made by an attorney in fact of Estelle Fontenette to them on the fifteenth of October, 1870; but this deed does not appear to have been signed by the agent of the vendor, nor is there any evidence of the agency. But, whether it was signed or not, we think the court erred in dismissing the petitory action of plaintiffs for the recovery of the tract of land worth over five hundred dollars which their ancestor acquired from Estelle Fontenette in 1836. The value of the property they claim determines the jurisdiction of the court. Defendants, if they are owners of separate lots acquired from Miss Estelle Fontenette in 1870, occupy no better position than their vendor. The primary question is, did their vendor in 1870 have any title whatever to the tract of land which she in 1836 sold to the ancestor of plaintiffs? For the settlement of this question defendants are interested alike, regardless of the extent of their respective claims to the property in dispute. 2 Howard, 643 and 644. The objection that Mrs. Oscar Fazende, one of the heirs, was not authorized by her husband, is not well founded. The objection that the administratrix of the succession of Derbes was not made party, is likewise of no avail. She is not a necessary party.

It is therefore ordered that the judgment herein be annulled, and that the exceptions of defendants be overruled and the case remanded for trial on the merits, appellees paying costs of appeal.