## No. 10,691.

### HERMAN NEUGASS VS. CITY OF NEW ORLEANS ET ALS.

1. Certificates of indebtedness can not legally be placed in circulation before signing the receipts required as a condition precedent by Section 2 of City Ordinance No. 347, C. S. Herman Neugass vs. City of New Orleans, 42 An. 165.

2. The certificates held by plaintiff having been declared illegal and null in a suit between him and the City of New Orleans, are not evidence that the original claims against the City are owned by the plaintiff.

   To recover on these original claims, it was necessary to allege plaintiff's ownership and not limit the allegation with reference to transfer to the delivery of the illegal certificates.

   The ownership of the claims of the original transferees is not alleged.

3. If plaintiff be the owner of the claims, he must exhaust his remedy against the debtor; until then he has no cause of action for damages.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*W. S. Benedict* for Plaintiff and Appellant.

*Francis B. Lee*, Assistant City Attorney, and *Carleton Hunt*, City Attorney for Defendant and Appellee:

1. Where the allegations of a petition are so vague and indefinite as not to be clearly understood, and as to make the character of the cause of action sought to be set up doubtful, an exception *in limine* to that effect will be sustained.

2. Two or more essentially distinct and separate causes of action against different defendants can not be set up in the same suit. New Orleans Insurance Association vs. Harper, 32 An. 1167; Waldo & Hughes vs. Angomar, 12 An. 74; Mayor et als. vs. Armant, 14 An. 181; Leverich vs. Adams, 15 An. 310; Cane vs. Sewall, 34 An. 1096; Holzab vs. Railroad, 38 An. 187.

3. Defendants can object to a cumulation of several distinct causes of action against them where they have no cognate origin, and where the defendants have no common interest to be adjudicated upon in one judgment. Riggs & Bro. vs. Bell et als., 39 An. 1031; Tutrix vs. Telegraph Co., 40 An. 181.

4.  Where two defendants are sued in the same petition, the causes of action must not be contradictory of each other.
5.  The petition does not, as against the City of New Orleans, one of the defendants, disclose a cause of action.

_____

*Charles A. Conrad* on the same side.

_____

The opinion of the court was delivered by

BREAUX, J.   Plaintiff sues the City of New Orleans and a number of other defendants to recover the sum of $2176.86.

He, in substance, alleges that he holds claims, vouchers, payable to bearer for services rendered.

That for many years past the defendant city has issued evidence of indebtedness, payable to bearer, which is sold in open market as negotiable paper.

It is signed by its officers, and credit given to the paper on account of their signatures.

He also alleges that he acquired the paper in good faith, before maturity, and has a right to its amount and to its recovery from the city and from the different officers who have signed the paper, and the sureties on their bonds.   Further, he alleges that it is pretended (by whom is not stated) that this paper was fraudulently issued by one of the officers of the city, but that it is legally due him by the defendants *in solido*.

The defendants, Joseph A. Shakspeare, J. N. Hardy and W. J. Behan, in their exceptions, allege that there is a misjoinder of parties defendants; that the petition discloses no cause of action, and that plaintiff's action is barred by the prescription of one and three years.   Another defendant, W. E. Huger, filed an exception of no cause of action.

The City of New Orleans, the remaining defendant, in an exception alleges that plaintiff's petition is vague; it sets forth no cause of action; no common interest of defendants, and is contradictory.

The exceptions were maintained, a judgment of non-suit was entered, and from that judgment this appeal is taken.

Most of the propositions are not original, for the questions presented by them, have been presented, considered and decided at the last term of the court, in the case of Herman Neugass vs. City of New Orleans, 42 An. 613.

The record in this case discloses that a statement or account was made, giving the name of the person appearing upon the city pay roll as its creditor, the amount due him, the number of the financial ordinance authorizing payment of the claim, and the date of the ordinance. For this amount a certificate was issued. The statement shows the number of each certificate.

These certificates were issued under ordinance approved April 7, 1881, and under another ordinance approved June 26, 1883.

On the reverse of each certificate is endorsed the ordinance authorizing its issuance.

The ordinance and certificate being embodied in the decision previously rendered (42 An. 165) will not again be copied, except the section of importance in this case, which reads as follows:

"Section 2—That said creditor shall sign and receipt therefor (the certificate), stipulating that the warrants (which in time will be issued on the Treasurer on a fund mentioned) shall be claimed only on the production and surrender of this certificate and accepting the provisions of the ordinance."

In the case referred to, it was decided that these certificates sued on could could not be legally placed in circulation before signing the receipt required as a condition precedent by this section; that the terms of the ordinance are made a part of this certificate; that without this receipt it was as if it had not been issued.

The wrong doings of a clerk in the Comptroller's office made it evident that these certificates were fraudulently placed in the market by him in his personal interest.

Not only these instruments are not "invested with that supreme and dangerous attribute of commercial paper which *insulates* the holder for value, from equities which attach to their inception," but even as evidence of indebtedness their value is made more than questionable by the fraudulent irregularity of their issue.

The plaintiff alleges, with reference to these certificates, "that he is the holder of certain claims * * * being vouchers for money due."

If they are not made the *basis* of the suit, they are prominently averred as securing his right.

The suit on the open account as set forth in the petition is *secondary* and weakened by allegations setting forth indebtedness on the certificates.

It is not even alleged that plaintiff is the owner of the original claim, but reliance is placed on the transfer of these illegally issued certificates *to enable plaintiff to sue.*

Having come to a conclusion in so far as relates to the certificates, we will determine whether plaintiff has alleged a cause of action on the claims.

We meet with some difficulty, occasioned by the pleas on the certificates.

It was held in a previous suit (42 An. 163) that they are not evidence of the transfer of the claims against the city. We have already stated that the transfer of the claims is not alleged.

The only possible conclusive evidence in support of plaintiff's demand would be such as show a transfer or a pledge to him of all the claims by the original transferees.

He has not made the required allegation to enable him to make this proof unless the certificates are sufficiently legal to carry with them the transfer of the claims. This would be inconsistent with the previous decisions.

Allegations of transfer are:

"That he is the holder of claims against the City of New Orleans, * * being vouchers payable to bearer.

"That for many years past said obligations for the use and benefit of the City of New Orleans have been issued to represent its indebtedness, and it has become the custom of parties * * to purchase same in open market as negotiable paper."

There can be no question; the allegations of transfer are limited to the certificates. They are not evidence of transferable ownership, as they were not preceded by the required receipt to the city.

If we were to construe that the certificates are valid, as contended by the plaintiff, the opportunity for immediate collection would not be improved, for it has been decided in the case referred to that "they do not entitle the owner to any money; only to a warrant for money to be paid out of funds legally appropriated for the purpose."

This count of plaintiff's suit is amenable to the further objection that the causes of action are separate and distinct against different defendants who have no interest in common to defend.

The officers can not be held to answer personally in a suit brought against the city to recover an amount alleged to be due, as made to

appear by certain certificates issued in the name of the city, and not of its officers, who signed as its representatives.

The alleged liability of the officers contained in the third declaration of the petition is for damages; it can not be cumulated with the causes of action before declared.

The origin is dissimilar and the defendants have no common interest to be adjudicated upon in one judgment. Waldo vs. Hughes, 12 An. 74.

Different parties having been joined in a suit to annul a judgment and to recover damages *in solido*, the origin of the claims not being cognate, there was a misjoinder and the exception was maintained. Cane vs. Sewell, 34 An. 1096.

The defendants may sever in their defence, but severance is optional with them. Riggs & Bros. vs. Bell, 39 An. 1031.

With reference to damages in the last count of his petition (not an alternate plea) plaintiff alleges that he has a right to damages against the city and the officers who signed the certificates of indebtedness he held.

In other declarations of the petition it is alleged that these certificates issued and were signed legally.

The inconsistency is not reconcilable.

The pleas must be consistent in their averments of facts, and in the sequence deducible from them.

Plaintiff argues in his brief that the similarity is complete between an agent who signs a note, bond or draft of an assumed principal, and thereby becomes personally responsible, and an officer who signs the paper of a municipal corporation without authority. If similar responsibility exist, it should be subject to analogous construction.

It would not be possible to hold an agent responsible if the principal's responsibility remains, although the evidence of the obligation was signed without authority.

It is the loss that gives *rise* to the responsibility of the agent.

The defendants in answer to the last declaration will be liable, if at all, in the event that no recovery can be had upon the claims; for if the plaintiff be the owner, he must allege his ownership and exhaust his remedy. Until then he can not recover damages. The City and its officers can not be held in damages for refusing to pay certificates of indebtedness fraudulently issued by a clerk.

No issue having been presented on the claims *per se* it can not be held that the City refuses to pay them.

The effect of the affirmance of the judgment will be to relegate the plaintiff, if the owner, to recover the amount due him directly on his claim.

Judgment affirmed.