(52 South. 761.)

No. 18,026.

DAVIDSON v. FLETCHER et al.

(May 23, 1910. Rehearing Denied June 20, 1910.)

*(Syllabus by Editorial Staff.)*

ACTION (§ 52*) — CAUSES OF ACTION — MISJOINDER.

Plaintiff sought to recover certain land against defendant F., alleged to have entered as plaintiff's tenant, and thereafter to have claimed the land under a tax deed which plaintiff claimed was void, and in the same action sought to recover the land as against defendant G., whom she alleged entered clandestinely, without her knowledge and consent, as a squatter, and to recover for use and occupation. *Held* that, since there was no connection between the defendants, the petition contained distinct causes of action against different defendants, and was, therefore, subject to exception for misjoinder of causes of action and parties.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 548; Dec. Dig. § 52.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

Action by Mrs. Josephine H. Davidson against Oscar Fletcher and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

W. S. Rownd and Clay Elliott, for appellant. R. C. & S. Reid, for appellees.

PROVOSTY, J. Plaintiff alleges that she is owner and in possession of a certain tract of land, which she describes; and that the two defendants, Oscar Fletcher and Larry Glover, are each occupying a part of said land, unlawfully holding same, in bad faith, against her will and without her consent; that said Fletcher entered thereon as her lessee and tenant pursuant to a written lease, executed and signed by him, whereby he rented for a period of five years commencing January 1, 1892, the land and the buildings and improvements thereon, now occupied by him; that the legal nature of his possession has not changed; that on January 1, 1894, he refused to pay rent, and then refused to vacate, and now pretends that your petitioner is not the owner of the land; that she does not know upon what pretense he bases his contention, but that about a month ago she discovered a pretended tax title in favor of said Fletcher, dated May 25, 1904; that the land described in said tax title is not that of petitioner, and that, if it is, the said tax title is null and should be so decreed, for the following reasons (we omit reasons); that said Fletcher should be made to pay $800 for the use and enjoyment which he has had of said land since January 1, 1894; and is estopped from contesting her title to said land; that the said Glover is a squatter on her land, having entered thereon clandestinely from four to five years ago, without her knowledge or consent; that he pretends to no right thereon, and should be made to pay $150 as a fair and reasonable recompense for the enjoyment which he has had of same; that petitioner should be decreed to be the owner and rightful possessor of said land, and said Fletcher and said Glover should be compelled forthwith to depart therefrom.

The prayer is in line with these allegations.

Defendant filed an exception of misjoinder of causes of action and of parties, and asked that plaintiff be required to elect, and that, in default of her doing so, her suit be dismissed.

The court sustained the exception, and ordered plaintiff to elect, and allowed her a certain number of days within which she should do so, otherwise, her suit to be dismissed. Plaintiff declined to elect, and her suit was dismissed, with right reserved to bring separate suits.

The petition contains two distinct and different suits against two defendants between whom there is no connection whatever. Our procedure does not sanction anything of that kind.

In Waldo et al. v. Angomar, 12 La. Ann. 74, the court said:

"The defendant Angomar, as well as the other parties defendant, has a right to object to a cumulation of several distinct causes of action against several defendants, unless they have a common interest to be adjudicated upon in one judgment."

In Mavor v. Armant, 14 La. Ann. 181, the court said:

"The cumulation of a demand for the partition of succession property with a demand for the partition of property held in common where there is no privity of estate between all the parties, plaintiffs and defendants, is nowhere authorized in the law, but is at variance with the well-settled rules of pleading.

"The law does not permit a creditor to sue all of his debtors in the same action, unless there is a joint liability or privity of contract which authorizes the joinder, nor will it permit a party to be joined in a demand in which he has no interest."

In Leverich v. Adams, 15 La. Ann. 310, the court said:

"Again, it is urged that there was error in dismissing the suit as to Mrs. Adams. The plaintiff's action is in the nature of a petitory action, and was brought to enjoin the sale of a plantation and slaves under a judgment in favor of James S. Bailey. Until Mrs. Adams had attempted to enforce her judgment to the prejudice of the plaintiff he was without interest to attack it. It is true the law abhors a multiplicity of actions, but it means actions against the same person. It does not favor the collection of a multiplicity of actions against different and distinct parties in the same suit. The suit to annul the judgment of separation of property in favor of Mrs. Adams was therefore properly dismissed."

In Surgi v. Matthews et al., 24 La. Ann. 613, the court said:

"The defendant (Mrs. Matthews) excepted to the form of action adopted by the plaintiff, because he alleged separate and distinct causes of action against distinct defendants who are illegally joined in the action for the reason that there is no priority of contract between them, and that the allegations are vague and indefinite, and which, if true, go to show that plaintiff has no claim against her. The court sustained the exception and ordered a nonsuit entered as to the police jury. We think this ruling correct."

In Cane v. Sewall et al., 34 La. Ann. 1096, the court said:

"It is impossible to conceive how the numerous defendants could have been legally brought together to defend an action which is not the same as to each and every one of them, and which contemplates four distinct objects."

In Riggs v. Bell et al., 39 La. Ann. 1030, 3 South. 183, the court said:

"Defendants have a right to object to a cumulation of several distinct causes of action against them where these have no cognate origin, and where they have no common interest to be adjudicated upon in one judgment.

"They may sever, but are not bound to do so."

Finally, in Neugass v. City et al., 43 La. Ann. 82, 9 South. 26, the court said:

"The alleged liability of the officers contained in the third declaration of the petition is for damages; it cannot be cumulated with the causes of action before declared.

"The origin is dissimilar, and the defendants have no common interest to be adjudicated upon in one judgment. Waldo v. Angomar, 12 La. Ann. 74.

"Different parties having been joined in a suit to annul a judgment, and to recover damages in solido, the origin of the claims not being cognate, there was a misjoinder, and the exception was maintained. Cane v. Sewell, 34 La. Ann. 1096."

See, also, Gill v. City of Lake Charles, 119 La. 17, 43 South. 897, where this question is gone into at some length.

We will now notice briefly the cases cited by plaintiff.

In Derbes v. Romero, 28 La. Ann. 644, all the defendants were claiming under the same title, and the matter involved was the validity of this title. Evidently the defendants were properly joined.

In Railroad Co. v. Elmore, 46 La. Ann. 1237, 15 South. 701, the court said:

"The defense of one is the defense of all the defendants, as each holds by virtue of the same title."

On the rehearing the court said:

"The defendants exhibit no title whatever, common or individual. There is, it is true, on the part of some of the defendants, the averment that they made homestead entries of portions of the land; but, in our view, such entries, even if sustained by proofs, would not, under the circumstances of the case, distinguish the position of those who assert such entries from that of trespassers."

That decision may perhaps be justified "under the circumstances of this case," but it

certainly goes to the limit. In the case at bar, the plaintiff would have the court go much further, and hold that even defendants whose positions are alleged in the petition to be different, who would necessarily raise different issues, and against whom different judgments are asked, can be joined in one suit.

In the third and last case cited by plaintiff, that of Greer v. Mezes, 24 How. 268–277, 16 L. Ed. 661, one of the reasons assigned by the court why the defendant could be joined was that the plaintiff "cannot know how they claim, whether jointly or severally, or if severally, how much each one claims." There can hardly be any need to point out how inapplicable this is to the case at bar.

Judgment affirmed.

(52 South. 758.)

No. 18,024.

DAVIDSON v. McDONALD et al.

(May 23, 1910. Rehearing Denied June 20, 1910.)

*(Syllabus by Editorial Staff.)*

1. ACTION (§ 52*) — MISJOINDER — PETITORY AND POSSESSORY ACTIONS.

A petition alleging ownership and possession of land, and seeking to quiet title and to have plaintiff recognized as possessor, is bad as a joinder of petitory and possessory actions, forbidden by Code Prac. art. 55.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 548; Dec. Dig. § 52.*]

2. QUIETING TITLE (§ 12*)—POSSESSION—EFFECT OF STATUTE.

Act No. 38 of 1908 providing for the establishment of title to land where none of the parties are in possession, section 2 of which provides that the act shall not alter the Code of Practice, establishes a mode of determining title where neither party is in possession, in which case suit cannot be brought under the Code of Practice, and, hence, a suit in which plaintiff alleges possession is subject to the Code of Practice and not to such act.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 8–12; Dec. Dig. § 12.*]

3. QUIETING TITLE (§ 1*)—METHODS.

The actions provided for by the Code of Practice and by Act No. 38 of 1908 afford ample remedy for the trial of rights to the ownership or possession of land under any circumstances.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

Action by Mrs. Josephine H. Davidson against Thomas C. McDonald and others. From a judgment dismissing the action, plaintiff appeals. Affirmed.

W. S. Rownd and Clay Elliott, for appellant. R. C. & S. Reid, for appellees.

PROVOSTY, J. Plaintiff alleges that she is the owner and possessor of a certain tract of land described in her petition. She then sets forth her entire chain of titles. Then follows this allegation, to wit:

"That she has had the peaceable, public, unequivocable, continuous and uninterrupted possession of said land as owner under her title from said Jackson since the execution of same by him, and she joins ownership and possession to that of her said authors; that nobody has ever denied her ownership and possession of said land until recently, and within the year last past one Thomas C. McDonald has set up a title in opposition to hers."

Plaintiff then attacks, as a nullity, McDonald's title, alleging that the same is fictitious to the knowledge of McDonald; and that the same is a slander of her title, and has damaged her to the amount of $300. She closes her petition with the following prayer:

"Wherefore, she prays that Thomas C. McDonald be cited according to law to appear and answer this demand, and, after due proceedings had, there be judgment in favor of your petitioner and against Thomas C. McDonald, recognizing your petitioner as the owner and possessor of said land under her chain of title from Allen R. Jackson and from the state of Louisiana, as above set forth, decreeing that the title to the said land set up by Thomas C. McDonald is null and void for the reasons above stated, and ordering that said title be destroyed, and the registry of the same be canceled and erased from the conveyance records."

Defendant excepted that plaintiff's petition contained a cumulation of inconsistent ac-