**DELESDERNIER ESTATE, Inc., v. ZETTWOCH et al.***

No. 16689.

Court of Appeal of Louisiana. Orleans.

June 14, 1937.

*Rehearing denied Oct. 4, 1937.

"Lot one (1), Section twenty-eight (28); Lot one (1), Section twenty-nine (29); Lot one (1), Section thirty-three (33) and Lot one (1), Section thirty-four (34), Township twenty-one (21), south, range nineteen (19) east, in the Southeastern Land District east of the Mississippi River, Parish of Plaquemines, La."

It averred that the defendants are in actual physical possession of said property without any title whatsoever thereto and without any right to remain thereon; that the defendants are now occupying the buildings situated on its land which were erected and owned by either the defendants themselves or by prior tenants of plaintiff's ancestors in title; that, while certain named defendants (thirteen in number) have recognized the ownership of plaintiff's ancestors in title by having paid rent for use of the lands, the other defendants never rented or leased the land from either the plaintiff or its ancestors in title and that they have never paid any rent for the use thereof. It further charged that all of the defendants are now occupying the above described land, or portions thereof, without paying rent or recognizing plaintiff's ownership; that they are mere trespassers upon the property and have refused to deliver possession thereof to the plaintiff without legal cause for such refusal. Plaintiff's prayer is for judgment recognizing it as the true and lawful owner of the property and it further requests the court to order the defendants to deliver possession of said property to it.

In due course, the defendants appeared and filed exceptions of misjoinder of parties defendant. After hearing on the exceptions, the district judge sustained them and dismissed the plaintiff's suit. Wherefore this appeal.

█ It is well settled in this state that the test to be applied in considering a plea of misjoinder is whether the parties, plaintiffs or defendants, have a common interest in the subject-matter of the suit. See Reardon v. Dickinson, 156 La. 556, 100 So. 715; Gill v. City of Lake Charles, 119 La. 17, 43 So. 897; and Succession of Coles v. Pontchartrain Apartment Hotel (La. App.) 172 So. 28. Therefore, unless the defendants in suit have a common interest with respect to plaintiff's title to the four parcels of land, the action of the district judge in maintaining the exception of misjoinder is correct.

Edwin C. Kohn and Fred C. Marx, both of New Orleans, for appellant.

Rudolph M. McBride, of New Orleans, for appellees Hugh Zettwoch et al.

Hugh M. Wilkinson and Geo. M. Leppert, both of New Orleans, for appellee Rene Clerc, Jr.

McCALEB, Judge.

Delesdernier Estate, Inc., brought this suit against Hugh Zettwoch and twenty-five other defendants, claiming to be the owner of certain real estate, which is described in the petition as follows:

In order to determine whether a common interest of all defendants has been stated in the petition before us, it is necessary to analyze the averments thereof with respect to the cause of action the plaintiff is seeking to maintain. It alleges that its title to these tracts of land are all traceable to a single author, to-wit, James D. Eads, who acquired all of the property by patent from the state of Louisiana on April 27, 1875. But, while it is averred that plaintiff's title is traceable to Eads, the petition also shows that the various parcels to which it now claims ownership were directly acquired by more than one conveyance and by separate and distinct chains of title.

■ The plaintiff, in support of the joinder, places reliance upon the allegation that all of the defendants are trespassing upon its property. But this averment is plainly negatived by the fact that, in the same paragraph, it charges that the defendants are occupying the described land or portions thereof. While the petition is somewhat vague as to which portions of the land the defendants are occupying, we are able to discern from all of the allegations, in spite of their lack of clarity, that the plaintiff is not asserting that each and every one of the defendants is occupying all of the four parcels of real estate involved. The factual situation set forth in the pleading is that the plaintiff is the owner of the land (acquired at different times and in distinct parcels) and that the defendants are in possession of separate portions thereof. Under such a state of facts, does defendant A, in possession of a part of parcel No. 1, have a common interest in resisting plaintiff's action against defendant B, who is occupying parcel No. 2, where the plaintiff's title to parcel No. 1 is founded upon different acquisitions from those by which he derived title to parcel No. 2? We think 'not. See Davidson v. Frost-Johnson Lumber Co. et al., 126 La. 542, 52 So. 759.

■ Even though we were to consider the averments of the petition as being sufficient to disclose that all of the defendants are trespassing over the whole of plaintiff's land, we could not permit their joinder in the absence of an allegation that they were acting collectively and in concert. In Breaux Bridge Lumber Co., Ltd. v. Hebert et al., 121 La. 188, 46 So. 206, where an action in trespass was brought against two defendants, the Supreme Court, in sustaining an exception of misjoinder, based on the failure of the plaintiff to allege that the defendants were joint trespassers, said:

"Solidary liability is not presumed, and pleadings are construed against the pleader. The pleader is presumed to have made his pleadings as strong as he could. 4 E. of P. & P. p. 746. The presumption is, therefore, that the defendants were separate trespassers; and, such being the case, they were improperly joined in one suit."

In the case at bar, the plaintiff has neither alleged a joint trespass by the defendants nor has it prayed for judgment in solido against them. It is therefore to be presumed that the defendants are committing separate and distinct acts of trespass and hence are without mutuality of interest in the defense of the case. Moreover, the suit is not one for damages resulting to plaintiff because of defendants' trespasses, but is, in truth, a petitory action wherein the plaintiff is seeking to be declared the owner of all of the parcels of land.

■ Aside from our deduction as to the statements of fact contained in the petition, respecting the absence of common interest on the part of the defendants in suit, we find a distinct averment set forth therein which makes it imperative for us to approve the action of the trial judge in maintaining the exception. This allegation is that thirteen of the defendants have paid rent for the use of the land, and by so doing, have recognized the plaintiff's ownership of the property, whereas the other defendants have failed to lease the land or pay any rent therefor. In other words, the statement would seem to indicate that one-half of the defendants have recognized the plaintiff's title to the property, while the others have denied plaintiff's title. In view of this averment, it cannot be successfully argued that the defendants who deny the plaintiff's ownership have a common interest with the defendants who have admitted the validity of the plaintiff's title. This feature of the matter cannot be distinguished in principle from the case of Davidson v. Fletcher et al., 126 La. 535, 52 So. 761, 762. There, the plaintiff sued Fletcher & Glover. She alleged, with respect to Fletcher, that he entered the property as her lessee and tenant and afterwards refused to pay rent or vacate the property, pretending that she was not the owner of the land. In

regard to Glover, the plaintiff alleged that he was a squatter on her land, having clandestinely entered thereon some four or five years prior to the time the suit was brought. In approving the action of the trial judge in maintaining the exception of misjoinder of parties defendant, the Supreme Court stated:

"The petition contains two distinct and different suits against two defendants between whom there is no connection whatever. Our procedure does not sanction anything of that kind."

Counsel for plaintiff, however, point with confidence to the case of Derbes v. Romero et al., 28 La.Ann. 644, which they say may not be distinguished from the instant suit and also cite Vicksburg, S. & P. R. Co. v. Elmore, 46 La.Ann. 1237, 1240, 15 So. 701, Ross v. Enaut, 46 La.Ann. 1250, 1254, 15 So. 803, Southern Timber & Land Co. v. Wartell, 109 La. 453, 457, 33 So. 559, and Gill v. City of Lake Charles, 119 La. 17, 23, 43 So. 897.

■ In Derbes v. Romero, the plaintiff instituted a petitory action against the defendants who were alleged to be in possession of a tract of land in Iberia parish. An exception of misjoinder was filed by the defendants on the ground that each owned distinct lots of the land in controversy and they argued that, because of that fact, they could not be sued collectively. The Supreme Court, in denying the contention, found that, inasmuch as the plaintiffs' and defendants' titles were of cognate origin, the only question for determination was the validity of those titles and that, therefore, the defendants had a common interest in the suit. That case is distinguishable from the present cause on the ground that, there, both defendants traced their title through the same party as the plaintiff and they introduced evidence on the trial of the exception to prove this fact. If the plaintiff, in the instant case, had alleged that all the defendants claimed ownership to the property occupied by them from a common source, the joinder of all in one suit would be entirely proper in avoidance of a multiplicity of actions. But there is no averment contained in the petition or other fact, appearing from the trial of the exception, to show that the defendants claim by virtue of the same title or that any one of them has any interest in defeating the plaintiff's suit as to the other defendants.

In Davidson v. Fletcher, supra, the court commented upon the Derbes Case in the following language:

"In Derbes v. Romero, 28 La.Ann. 644, all the defendants were claiming under the same title, and the matter involved was the validity of this title. Evidently the defendants were properly joined."

The other cases cited by plaintiff, in support of the joinder, are not apposite.

■ The district judge was correct in maintaining the exception of misjoinder filed by the defendants. Being unable to ascertain from the allegations of the petition as to which defendant or group of defendants were properly joined, the judge dismissed the plaintiff's suit in its entirety. We think that his action was wholly justified, in view of the averments of the petition. It was impossible for him, under these pleadings, to exercise any discretion or to discriminate between the defendants to the suit. The dismissal as to all defendants, in cases such as this, is sustained by the authority of Davidson v. Frost-Johnson Lumber Co. et al., supra. Compare Dubuisson v. Long, 175 La. 564, 143 So. 494.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

*Rehearing denied Oct. 4, 1937.