LAND, J.
The city of Shreveport, alleging possession of Southern avenue as a public highway for many years, instituted this jactitation, or slander of title, suit against 'the defendants.
Defendants excepted that the plaintiff had no possession of the strip of ground in controversy sufficient to support the action. This exception was overruled.
Defendants then answered, assuming the position of plaintiffs in a petitory action, and set forth their title. Plaintiff answered, and set up title by dedication and by prescription. There was judgment for the defendants, and the plaintiff has appealed.
In 1896 Howard T. Cole made a subdivision, called Tuxedo Park, of lots 2, 3, and 4 of Alley’s subdivision of part of W. % of S. E. *4 of section 1, township 17, range 14, then beyond the limits of the city of Shreveport. A plat of the Tuxedo Park subdivision was recorded April 4, 1896. On the face of the plat the subdivision was bounded on the east by Fairfield avenue and on the west by Southern avenue, both of the apparent width of 60 feet. While nothing on the face of the plat was given for Southern avenue, it was made one of the boundaries, and it is proved beyond dispute that, according to the actual survey as made on 'the ground, a strip 20 feet in width in Southern avenue was not included in the- Tuxedo Park subdivision. It seems that this strip had for many years prior to 1896 been used *72 as a portion of a public road with tbe consent of the owners of tbe Alley tract, and had been left outside of tbe fences inclosing said property. Tbe owners of tbe lands on the other side of tbe half-mile section line bad also left out a similar strip of land for tbe same purpose. Tbe two strips constituted a highway which was used by tbe public. Since 1898 tbe said road has been used as one of tbe streets of tbe city of Shreveport.
[1] Lines actually surveyed and marked, when found, control lines called for in maps, plats, or field notes. 5 Cyc. 915. It follows that tbe surveyed line identified by the surveyors must be taken as tbe western boundary of Tuxedo Park, and of tbe lots owned by tbe defendants, and that consequently tbe defendants have no title to tbe portion of tbe street west of said line. Prior to 1896 tbe road on tbe half section line used by tbe public was delimited by fences on each side. The preponderance of tbe evidence is to tbe effect that tbe road was about 40 feet in width — tbe average width of ordinary country roads. On such evidence a dedication of a road 60 feet in width cannot be predicated. Cole, tbe owner of tbe Tuxedo Park tract, left only 20 feet for a roadway, and tbe dedication cannot exceed that width.
For tbe purpose of recasting tbe decree, tbe judgment is reversed, and it is now ordered, adjudged, and decreed that the line between Southern avenue and tbe lots claimed by defendants be fixed and established at a point 20 feet east of tbe half section line bounding the Alley tract on tbe west, and that tbe costs below be equally divided between tbe parties, and tbe costs of appeal be paid by tbe defendants and appellees.