## No. 348

### First Circuit

## AYER v. KIRKWOOD

(November 10, 1928. Opinion and Decree.)
(December 4, 1928. Rehearing Refused.)
(January 2, 1929. Writ of Review denied by Supreme Court.)

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

Leslie A. Fitch, of Baton Rouge, attorney for defendant, appellee.

ELLIOTT, J. Mrs. Mittie E. Ayer, wife of Gilbert C. Ayer, is the owner of a tract of land containing 50 acres, situated within the incorporated limits of the town of Zachary. The defendant, S. D. Kirkwood, is the east boundary owner along the upper part of her tract. D. S. Kirkwood is such immediately south of S. D. Kirkwood, and next after him, her eastern boundary owner is Morgan, as alleged in her petition.

S. D. Kirkwood erected a couple of fences across what was once a part of the Baker-Zachary public road, which for-

merly passed over the eastern side of plaintiff's land, and the upper end of the land, which now belongs to the defendant.

The plaintiff alleges that the fences are on a public street of the town of Zachary, and that they prevent her use of said street. That defendant has no right to obstruct the street, etc. She prays that he be permanently enjoined from maintaining said obstructions, for a temporary injunction to prevent irreparable injury, and, for judgment ordering defendant to remove said obstruction.

The defendant first opposed to her demand, exceptions of estoppel and res adjudicata. The lower court referred the estoppel to the merits, but no action was taken in regard to the plea of res adjudicata.

The court, after hearing, refused to grant the temporary injunction.

The defendant then answered and admits closing the strip of ground, but he alleges that he is the owner of the land in question, and denies that it was, or ever had been a public road or street. He further alleges the establishment of a public graveled road in the place of the old Baker-Zachary road. That the road was straightened at the time it was graveled, and in the process of straightening it, that part of the old road which had passed over his land was cut out and discontinued.

That after the establishment of the graveled road, the plaintiff herself erected barriers across that part of it which formerly ran over his land.

The evidence shows that a public road has been running between the towns of Baker and Zachary, of the kind provided for by the Civil Code, Art. 705, and known as the Baker-Zachary road, for thirty or forty years. It ran along the eastern side of plaintiff's land, and at the northeastern corner of the same made a short and very sharp right angle turn to the east, for a distance of about 150 feet, over the upper part of what is now defendant's land. At the northeast corner of defendant's land it made a sharp turn north into the town of Zachary. This part, about 50 yards long, which passed over defendant's land, is the part which plaintiff alleges is now a street. The former crooks and bends in the road, and the sharp turns above mentioned, being unfavorable to the improvement of the road, also to the new and faster method of travel, the people living on it, and the public road authorities got together five or six years ago and decided to straighten the road and gravel it. It was moved a little further east than where it had formerly run in front of plaintiff's property, and the short sharp right-hand turn from the northeast corner of plaintiff's tract, across the upper part of defendant's land was cut off, and the road made to run straight along the eastern side of defendant's land and on into Zachary.

The road as straightened still passes over the lower part of plaintiff's land and still affords her an easy access to the road, from the lower part of her tract, as formerly. But instead of following up the entire length of her eastern line, it leaves her land and passes along the eastern side of D. S. Kirkwood, and after him, that of S. D. Kirkwood.

The plaintiff's residence is located toward the upper part of her tract, therefore the shortest route from her residence to the gravel road is along the former route, over the upper end of defendant's land.

The road in question along the northern side of defendant's land never was a street of the town of Zachary, and never was so considered nor claimed to be such.

The evidence shows that when that part of the old road, which plaintiff claims to be a street, was cut off, it was abandoned as a public road and ceased to be used as such. The land over which it passed was part of defendant's tract, and when it ceased to be part of the public road, he had the right to take possession and fence it as he did. Civil Code, 482, 783, 658. Hatch vs. Arnault, 3 La. Ann. 482. City of Shreveport vs. Simon, 132 La. 69, 60 So. 795; Act 151 of 1910.

We do not agree with the plaintiff that those parts of the old road which were cut off in the process of straightening continued to be public, and that the owners of the soil had no right to enter on the same. The Police Jury had the power to straighten the road. Revised Statutes, Secs. 2743 and 2750. Their consent to the straightening is deducible from their ordinance of July 12, 1921, whereby they agreed to furnish the gravel, provided the citizens interested, would have all the necessary work on said road done according to plans and specifications by Engineer J. J. Mundinger.

The Revised Statutes, Section 3385, which required the consent of contiguous property owners to a change in a public road, was repealed by Act 101 of 1880.

The evidence shows that plaintiff consented to the straightening, and after it had been done, she erected a barrier for a short time across that part of it cut off and of which defendant subsequently took possession as part of his estate.

The plaintiff contends that defendant does not own this strip; that the old road there, was the boundary of his estate.

The titles from R. M. Annison to N. H. DeBritton and from DeBritton and H. M. Young to T. L. Mills describes the land sold as bounded on the north by the Baker-Zachary public road, but the acts also declare that the land sold, is a certain tract acquired from certain parties, and older titles show that the tract was not limited by the road.

The title from Mills to the defendant gives Wicker as his northern boundary, and makes no reference to the road, and the sale was not limited thereby, but includes the ground in question.

It is sufficient for this suit that the strip is not a part of the public road nor a street.

The judgment appealed from is correct.

Judgment affirmed, plaintiff and appellant to pay the cost in both courts.