### GILL et al. v. LOUISIANA HIGHWAY COMMISSION.
#### No. 1302.

Court of Appeal of Louisiana. First Circuit. March 6, 1934.

Under the provisions of Act No. 137 of 1857, an appropriation of $5,000 was applied to the laying of a public road from Pearl river to Tangipohoa, in Washington parish. This road, it is shown, passed over the property of the plaintiffs, and was there when defendant commission built the present road which has brought about this litigation. This road so established under Act No. 137 of 1857, from the time it had been laid out, was always known as the Five Thousand Dollar road.

The land taken for that road obviously lost its quality of private ownership, and its use was vested, as a public road, in the general public. Civil Code, art. 482. If the commission had followed the same roadbed in the building of the new road, it is clear that plaintiffs could not claim the value of the land taken. C. C. art. 482; Hatch v. Arnault, 3 La. Ann. 482; City of Shreveport v. Simon, 132 La. 69, 60 So. 795.

It is equally evident that, if the defendant commission selected another route for its right of way for the new road, this selection constituted an abandonment of the old road, and the ownership and use of its roadbed had reverted to the plaintiffs, under the provisions of article 482, Civil Code. It is also plain that the land adjoining this roadbed remained the property of the plaintiffs, as it did not come within the expropriation of land for the Five Thousand Dollar road, under Act No. 137 of 1857.

The vital issue presented for decision in this case, before passing on the question of the amount claimed, is as to whether the new road occupies the land which was taken for the old road.

Riley, witness for plaintiffs, says the old Five Thousand Dollar roadbed was not "occupied" by the roadbed of the new road, mighty little, if any.

Nixon, another witness for plaintiffs, testifies that the present road does not follow the bed of the original road.

L. L. Morgan, of Covington, and E. R. Stoker, of Baton Rouge, for appellant.

Reid & Reid, of Hammond, for appellees.

MOUTON, Judge.

This suit is for the recovery of $400 from the defendant, highway commission, for the alleged value of land taken for a right of way; also for $100 for timber averred to have been destroyed on the property.

Judgment was rendered in favor of plaintiffs for $400, with legal interest from judicial demand; and from which defendant appeals.

J. S. Ricks, testifying for defendant commission, says he once owned the property claimed by the plaintiffs herein about twenty-five years prior to the trial of this case. He says the old Five Thousand Dollar road ran across the property at that time. He says this old road was, at his request, changed by the police jury. He testifies that the road as thus changed, at his request, ran at about 125 yards from the new road in question.

Further, he was asked the following question: "Q. Whether one of the old Five Thousand Dollar Roads occupied the roadbed of the present Five Thousand Dollar Roadbed? A. No."

As the route of the old road had been changed by the police jury, as above explained, the road to which Ricks was referring included the original road, and it is apparent from his answer that its bed was not taken by the new road, nor was the bed of the road changed at his request on the same land taken for the new or present road.

In attempting to file his plea of prescription, counsel for defendant stated he was not claiming the identical right of way in question, but a servitude on the property which had been changed by the Legislature on the authority conferred on the highway commission by Act No. 330 of 1926, p. 625.

As counsel for defendant commission admits that it is not the same right of way that is claimed by the commission, he confirms the evidence of the witnesses to whom we have referred, who said that the roadbeds of the old road and the new road are not at all the same.

Act No. 330 of 1926 confers on the highway commission the power for the expropriation of land for roadways. This authority, however, does not invest it with the power of changing, at its option, a right of way given by a proprietor, to any route over his property. For illustration, we might suppose a case where a right of way is granted on the border line of a tract of land where it would be extremely beneficial to the owner, but which the commission might undertake to change, and run through the center of the property, thus largely impairing its value. The Legislature never intended, under that act or any other called to our attention, to confer such discretionary power on the highway commission.

The land, in this case, 100 or 150 yards from the old Five Thousand Dollar roadway, remained the property of the plaintiffs. Their ownership therein had never been divested. The highway commission unquestionably had the power to expropriate the right of way for the new road. "In all cases," says Civil Code, art. 2628, "a fair price should be given to the owner for the thing of which he is dispossessed."

█ Plaintiffs were the owners of the land taken for the new road, and are entitled to a fair price therefor.

In this case the amount asked for the value of the land is fixed at $400.

█ Counsel for plaintiffs say in their brief that Bigham, superintendent of defendant commission, had, during the senatorial campaign between Long and Ransdell, fixed the value of the land for this road at $400.

Estimates of value fixed under such circumstances will not be accepted by this court as a criterion of value for land taken for public use.

█ The proof by Bigham is that the land occupied by the road in question amounts to 4.3 acres. The proof shows that the land taken is worth about ten or fifteen dollars an acre, for which, we find, fifty dollars would be a fair allowance for the land expropriated. As to the timber claimed to have been cut in building the road, as the evidence shows only small trees, practically of no value, and undergrowth were destroyed, no damage will be allowed for this item.

The district judge gave judgment for $400, which was the amount claimed for the value of the land taken by defendant.

In this court, counsel for plaintiffs is claiming that amount which is grounded on the estimate by Bigham during the senatorial campaign, above referred to, which cannot be accepted as a true valuation, especially contradicted, as it is, by the estimate of most of the witnesses whose valuation does not exceed $15 an acre.

There is no demand in the petition for indemnity for any damages that might have been caused by the building of the new road. Evidence touching upon this subject was introduced during the trial, it is true, and without objection, which it might be contended enlarged the pleadings, and authorized the allowance of damages in indemnity in addition to the value of the land. The testimony so allowed, however, is rather desultory, and does not attempt to fix with any degree of certainty the amount of damages that could be granted for such additional indemnity.

It appears from the evidence that the section where this new road runs is largely engaged in the dairy business, and, according to the testimony of several farmers, this road would add considerably to the value of their estates, and is very uncertain as to whether it would effect an impairment in the value of plaintiffs' land; if impaired in value, the testimony fails to make any estimate thereof.

With no issue in the pleadings raising this question of additional indemnity, with evidence of the character on that subject above referred to, and with no allowance in the judgment of the court in reference thereto, this court will not grant damages on the principle that the pleadings were enlarged by the admission of the evidence, without objection.

The allowance will be for the value of the land only; and in the sum of $50.

Counsel for defendant refers to an offer made by Bigham to Guy Gill for the acquisition of this right of way for gravel which was to be used for its construction.

There is no evidence to show that Gill had the right to enter into any such agreement for half of the property which belonged to the heirs of his deceased wife. Besides, there is no proof that any price was fixed for the gravel, how much was to be supplied, or for the price of the land.

It will be observed, also, that the answer of defendant is only in denial of the claims of the plaintiffs, with no demand for the ownership of the right of way at issue, resulting from a purchase, or otherwise, hence there is no basis to authorize a consideration of the reference made by counsel for defendant to this proposition by Bigham to get this gravel from plaintiffs for the right of way. This offer by Bigham, superintendent of the highway commission, shows, however, that he recognized plaintiffs' ownership of the land for which he was asking the right of way for this new road.

If this new road had been built just for the purpose of straightening out the old Five Thousand Dollar road, this court would be inclined to reject the demand. The evidence shows, however, that, at most, the new road only tips the old road at the starting point or at the end of the roadway, but all along it is constructed at some distance from the roadbed of the old road, thus establishing a new servitude on land belonging to plaintiffs, for which, we hold, they are entitled to recover the amount, above stated.

It is therefore ordered, adjudged, and decreed that the amount of $400 allowed by the judgment appealed from be and is hereby reduced to the sum of $50 for the value of the land taken, with interest thereon at 5 per cent. per annum from judicial demand; and, as amended, the judgment be affirmed, with cost of court on defendant.