GLADNEY, Judge.
Plaintiff instituted this suit, which was converted into a petitory action for the purpose of having his ownership recognized to the following described strip of land:
“A certain tract or parcel of land lying and being situated in the Parish of Avoyelles, State of Louisiana, and in the Fifth Ward thereof, being located between the present Louisiana Highway Number 1 and Red River, having a width of thirty feet by the entire depth between said highway and Red River, and being bounded on the North by Red River, on the South by Louisiana State Highway Number 1, on the East by Odell Lamartin-iere and on the West by Arthur Dai-grepont.”
Made defendants are Arthur Daigrepont and his ancestor in title, the Avoyelles Parish Police Jury. The trial of the case in the lower court resulted in a judgment recognizing Daigrepont as the owner of the property and rejected plaintiff’s demands. From the judgment so rendered, plaintiff has appealed.
The petition of plaintiff sought to have the title adjudicated under the provisions of LSA-R.S. 13:5062, a remedy resorted to when neither claimant is in possession of the property. The defendant, being in possession of the property, requires that the suit be considered a petitory action.
The provisions of Article 44 of the Code of Practice prescribe that a plaintiff in an action of revindication must make out his title, otherwise the possessor will be discharged from the demand. In order to comply with this rule, the plaintiff in a petitory action must recover on the strength of his own title and not rely upon the weakness of his adversary’s title.
At the time the suit was instituted plaintiff owned property on the west side of and adjacent to an abandoned strip of land approximately 65'x20CK, which constituted a right-of-way for State Highway No. 72 until 1938, when the highway was straightened and use of the tract for road purposes was discontinued.
The land presently owned by plaintiff was acquired from the heirs of Alfred Lacombe during the year 1957. Arthur Daigrepont is the owner of property situated on the east side of the abandoned strip of highway. Also, he presents a claim to ownership of the abandoned right-of-way in dispute, asserting he offered to buy it from the Police Jury of Avoyelles Parish, and that body on February 16, 1944, passed a resolution accepting his bid of $10, the instrument reciting: “* * * We do hereby grant, sell and deliver unto the *587 said Mr. Arthur Daigrepont the said old road for the sum of Ten ($10.00) Dollars, the receipt of which is hereby acknowledged.” On June 9, 1959, the president of the Police Jury, acting pursuant to the resolution adopted on February 9, 1944, executed to and in favor of Arthur Daigre-pont a formal act of sale, transferring all the right, title and interest of the Police Jury to Arthur Daigrepont in and to the following described property:
“A certain strip of land situated in the Fifth Ward of the Parish of Avoy-elles, Louisiana, same constituting the old abandoned road between Red River, or Red River Levee on the North and the Marksville-Alexandria Paved Highway on the South, lying between the property of Alfred Lacombe on the East and that of Arthur Daigre-pont on the West.”
The chain of title of plaintiff’s property includes an alienation dated August 20, 1903 wherein the ancestor in title of plaintiff, Alfred Lacombe, sold to the Police Jury of the Parish of Avoyelles, the following described property, to wit:
“A certain strip or parcel of land situated in this Parish the same being fifteen feet wide and to be taken along the western line of vendor’s land starting from his front line along Red River and extending southward to a point even with the southern boundary of the land of E. B. Normand. The said strip being bounded north by public road along Red River, South and East by vendor and west by a strip of fifteen feet in width which was donated by the present vendor to said Police Jury for a public road and which is now recognized as such, more particularly described as that portion shaded blue in plat below.”
The language of the alienating clause used was:
“ * * * does by these presents, grant bargain, sell, convey, transfer, assign, set over and deliver, with a full guarantee against all troubles * *
The record does not contain a copy of the instrument affecting the strip of land 15 feet in width which the foregoing deed recites was donated by Alfred Lacombe to the Police Jury. Without this supporting evidence of this transaction we are at a loss to determine the nature or kind of ownership of the property so alienated.
Lacombe, on June 26, 1931, executed a deed wherein he granted to the State of Louisiana an 80-foot right-of-way containing 2.41 acres, for which he was paid a consideration of $241. The instrument recites the vendor “does by these presents hereby dedicate, transfer, assign, set over and deliver unto the State of Louisiana”, describing the property in the following words: “Right of way extends from Sta. 580 + 70 to 593 +80 and comprises 2.41-acres.” The location of the right-of-way is not further identified by evidence in the record. This instrument apparently pertains to land not involved herein, and of course, does not seem to affect prior alienations by Lacombe.
The Police Jury of Avoyellees Parish on July 3, 1918, acquired from Cleophas Guil-lot, ancestor in title of Arthur Daigrepont, certain property described as:
“1st. A certain strip of land or right of way, situated in the Fifth Ward, Parish of Avoyelles, La., Twenty feet wide and Two hundred feet long, running across vendor’s tract of land fronting on Red River, located between the property of - and Alferd Lacombe and which is more particularly designated as the line or right of way surveyed and established by the State Highway Department for the 15th Road District of the Parish of Avoyelles, La.
“2nd. A certain strip of land or right of way, situated in the Fifth Ward, Parish of Avoyelles, Louisiana, fifty feet wide and Sixteen hundred *588 sixty feet long, running across vendor’s tract of land fronting on Red River, located between the property of -- and Alfred Lacombe and which is more particularly designated as the line or right of way surveyed and established by the State Highway Department for the 15th Road District of the Parish of Avoyelles, La. * * *»
The instrument by which the title to the strip or right-of-way was transferred to the Police Jury on July 3, 1918, was of the same form and employed the same words of conveyance quoted above as were employed in the deed executed on August 20, 1903, by Alfred Lacombe in favor of his vendee, the Police Jury of Avoyelles Parish.
The acquisitions of the Police Jury by the transfers dated August 20, 1903 and July 3, 1918, were without restriction and do not give rise to any reversionary rights resulting from an abandonment by the Parish of Avoyelles or the State of Louisiana.
From the foregoing evidence of title and assuming that the highway right-of-way between Daigrepont’s property and the property of Lamartiniere was 65 feet in width (as argued in appellant’s brief), there appear to be the following land segments with respective widths, reading from west to east:
(1) A ditch 7i/¿ feet;
(2) Twenty feet alienated in fee by Daigrepont;
(3) Fifteen feet — no evidence of title;
(4) Fifteen feet alienated in fee by Alfred Lacombe;
(5) Ditch 7^2 feet.
At the time Arthur Daigrepont attempted to first purchase the abandoned portion of the right-of-way from the Police Jury on February 16, 1942, Act No. 4, Section 47(n) provided, when sections of the high-’ way system have ceased to be used by the public, the Director of Highways was authorized by appropriate certification, accompanied by a plat or sketch placed on record in the parish wherein the section of the highway is located, to declare it abandoned and thereupon the rights of the Department of Highways and the public in and to the section of the highway would cease. The statute further stipulated that before making such certification the Director should ascertain from the subject Police Jury whether it desired to maintain or use the same, and if so, the declaration of abandonment should so state and the section of the highway would henceforth form part of the parish road system of the parish involved. The transcript of record on this appeal does not contain evidence of any action taken by the Department of Highways to formally abandon the segment of 'State Highway No. 71 in accordance with the provisions of the statute.
As we appreciate the record, the 30-foot strip to which plaintiff lays claim of title is not reasonably susceptible of present identification. However, if we may assume the claim embraces the 15-foot strip of land identified by the enumeration (3) above and the additional 15-foot strip identified as (4) above, we must conclude these two strips of land constituting 30 feet were not supported by evidence of title and do not justify recognition of ownership by plaintiff. As pointed out above, the instrument affecting the alienation of the strip enumerated (3) is not to be found in the record. However, even this is immaterial because there lies between this strip and plaintiff’s land the 15-foot strip denominated (4) which was conveyed by plaintiff’s ancestor in title in absolute ownership to the Police Jury. Accordingly, plaintiff has no claim to re-versionary rights to either (3) or (4).
Plaintiff, in our opinion, has failed to establish proof of title to the property in question. The judgment subject to our *589 review in recognizing the ownership of the defendant as being vested in certain property therein described, goes beyond the relief requested by him. Accordingly, the judgment will be amended to read: Plaintiff’s demands are rejected at his cost.