CULPEPPER, Judge.
In this suit plaintiff seeks a judicial determination that a part of the Louisiana State Highway System has been abandoned and has reverted to plaintiff as owner.. In the alternative, and in the event this-portion of the highway has not been abandoned, plaintiff seeks a writ of mandamus-ordering the Director of Highways to abandon said roadway; and after such abandonment plaintiff asks he be declared the-owner. In the further alternative plaintiff seeks to enjoin the defendant, Arthur Daigrepont, adjacent owner on the other side of the roadway, from maintaining any fences or other structures which interfere with the public use of said roadway. In the further alternative, and in event the roadway has reverted to the Avoyelles - Parish Police Jury, plaintiff seeks the cancellation and erasure from the public records of a certain deed from the Jury to the-said Arthur Daigrepont, conveying the roadway in question.
The defendants filed various exceptions, including peremptory exceptions based on • no right of action and no cause of action. The district judge sustained these peremptory exceptions holding that since there had-. *375 "been no formal abandonment of the roadway by the Department of Highways (as required by LSA-R.S. 48:224) the roadway had not been abandoned; furthermore, that the courts cannot mandamus the Director of Highways to perform such a purely discretionary act. From a judgment dismissing his suit plaintiff has appealed.
This suit involves the same roadway, the .•same issues and the same parties as those in Lamartiniere v. Daigrepont, La.App., 121 So.2d 858 (2nd Cir.1960), except that here plaintiff alleges the roadway is 65 feet •in width instead of 30 feet, and here plaintiff has added the Department of Highways .as a party defendant. Actually, the defendants here have filed exceptions of res judi- ■ cata. However, we, like our brother below, do not find it necessary to consider -this exception. We think that even accepting all of the allegations of plaintiff’s petition as true, he has not stated a cause of action; .and his suit must be dismissed for this reason.
Plaintiff alleges this old roadway, which lies between the lands of plaintiff on the east and the defendant, Arthur Daigrepont, on the west, was formerly a part of the road system maintained by the Police Jury ■ of Avoyelles Parish; that when the State Highway System of Louisiana was created by Act 95 of 1921, this particular road from Hessmer to Alexandria became part of Route 72 of the State Highway System. (See Act 95 of the extra session of 1921; Act 236 of 1924; Act 230 of 1926; Act 294 • of 1928 and Act 15 of 1930, by which the Legislature has designated as part of the State Highway System, “Route 72. Beginning at Alexandria, through Echo, Hess-mer, to Mansura.”)
Plaintiff alleges further that during about 1938 the State Highway Department changed Route 72 and constructed a new highway from Marksville to Alexandria, designated as “Louisiana Highway 1”; that after the location of the highway was ■ changed the disputed portion of Old Route 72 “has been in fact abandoned.”
Plaintiff does not allege any formal abandonment of the disputed roadway in accordance with the provisions of LSA-R.S. 48:-224. (Which provides in general that when the Director of the Department of Highways determines that a certain section of the State Highway System has ceased to be used by the public “the Director may” declare the section of highway abandoned, but he must first offer it to the Police Jury of the parish through which it passes, etc.) Plaintiff contends that such formal abandonment by the Director of Highways is unnecessary because this statute was not adopted until 1942 (Act 4 of 1942). Plaintiff argues this roadway was “in fact abandoned” in about 1938 at which time the controlling statute was LSA-C.C. Art. 482, which reads as follows:
“Among those which are not susceptible of ownership, there are some which can never become the object of it; as things in common, of which all men have the enjoyment and use.
“There are things, on the contrary, which, though naturally susceptible of ownership, may lose this quality in consequence of their being applied to some public purpose, incompatible with private ownership; but which resume this quality as soon as they cease to be applied to that purpose; such as the high roads, streets and public places.”
Plaintiff has cited several cases to support his contention that before the adoption of Act 4 of 1942, discussed above, no formal abandonment'of any public road was necessary and, under LSA-Civil Code, Art. 482 a roadbed was abandoned and reverted to private ownership as soon as it in fact ceased to be used by the public as a road. The cited cases have no application here. Most of them involved servitudes rather than property owned in fee by the public. Furthermore, none of them involved a factual situation where the roadway had become part of the State Highway System by act of the Legislature. Ferrente v. Tantillia, La.App., 42 So.2d 379 (1st Cir. 1949) *376 involved a parish road which had been worked by the police jury for more than three years and hence became a public road under the provisions of Act 220 of 1914. Ayer v. Kirkwood, 9 La.App. 306, 119 So. 475 (1st Cir. 1928) involved a public road kept up by the owners of the adjacent estates as provided for in LSA-Civil Code, Art. 705. Gill v. Louisiana Highway Commission, La.App., 153 So. 329 (1st Cir. 1934) was a suit for the value of a new roadbed taken when the old road was changed. Martin v. Fuller, 214 La. 404, 37 So.2d 851 (1948) involved the revocation of the dedication of an alley by the city of Monroe, under Act 382 of 1938.
LSA-C.C. Art. 482 clearly cannot be applied to effect the abandonment of a roadway which was declared by the Legislature to be a part of the State Highway System. Once this roadway became a part of the State Highway System it could be abandoned only by following the formalities provided in LSA-R.S. 48:224. It is apparent from a reading of the opinion in Lamartiniere v. Daigrepont, La.App., 121 So.2d 585 (2nd Cir. 1960) that the court reached this same conclusion. There it was held that' this same roadway had become a part of the State Highway System and since there was no evidence of any formal abandonment by the Department of Highways, the plaintiff in that petitory action had not proved an abandonment of the roadway.
In view of the conclusion which we have reached, the plaintiff has not stated a cause of action as to his principal demand for a judicial determination that the roadway has been abandoned.
Plaintiff's alternative demand for a writ of mandamus, ordering the Director of Highways to formally abandon the roadway, is likewise without merit. Plaintiff admits that LSA-R.S. 48:224 makes the abandonment of highways a discretionary, rather than a ministerial, function of the director. However, he alleges his failure to abandon the roadway “ * * * in spite of repeated demands and requests constitute a flagrant abuse of discretion in view of the fact that the Department of Highways has maintained thereon a public and private nuisance by permitting the erection by Arthur Daigrepont of fences and works; in failing to properly control weeds, brush and undergrowth thereon, and in failing to properly drain said roadway.”
Our jurisprudence is well established that mandamus will lie only to coerce the performance of purely ministerial duties or to correct an abuse of discretion by an administrative officer, and that such writ will not issue in doubtful cases. Applicable here is the following language from State ex rel. Le Blanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192 (1956):
“Our jurisprudence has unwaveringly adhered to the doctrine that such a writ lies only to compel the performance of duties that are purely ministerial in nature, duties which are so. clear and specific that no element of discretion can be exercised in their performance. When such acts or duties necessarily call for the exercise of judgment and discretion by the officer or body at whose hands their performance is required, this remedy will not avail a complainant.” (Citations omitted.)
See also LSA-C.C.P. 3863 and the official revision comments thereunder stating that the present code article retains the established jurisprudential rules.
It is obvious from a reading of LSA-R.S. 48:224 that the director has no' clear and specific duty to abandon a portion of the highway not being presently used. The director has the discretion to abandon such a road or not. It was recognized by the legislature that lands not necessary for immediate use, might be needed in the future, and the best person to decide this is. the director.
Since the roadway has not been abandoned and the Director of Highways is *377 not subject to mandamus ordering him to abandon the roadway, it is apparent that plaintiff’s remaining alternative demands as set out above must fall.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiff appellant.
Affirmed.