CIACCIO, Judge.
This is an expropriation suit instituted by the Board of Commissioners for the Grand Prairie Levee District (Levee District) against Mike Caluda, Jr. et al under the provisions of LSA-R.S. 38:351. After filing its original petition on February 17, 1983, the Levee District deposited the sum of $25,589.00 for the taking of certain parcels of land belonging to defendants for the purpose of constructing a new levee under the Linwood Levee Setback Project. At the time of expropriation, a new levee along the eastbank of the Mississippi was needed because the existing levee had eroded and did not meet the minimum stability requirements for flood protection, endangering the residents of lower St. Bernard and Plaquemines Parishes. The new levee was to be built on the existing River Road or Louisiana Highway 39.
The Levee District sought to acquire from the defendants, for levee purposes, six parcels of land. The value of three of the six parcels is the subject of the instant dispute. At issue are the three parcels which comprised part of the roadbed of LA Hwy. 39 and was to become land underlying the new levee.
In response to the Levee District’s expropriation petition, the defendants filed an answer and reconventional demand asserting their right to be compensated for the fair market value of the expropriated land. Their reconventional demand also sought damages for an unauthorized taking, alleging that Plaquemines Parish had taken these three parcels of land belonging to the Caluda Family without its consent and used it as part of LA Hwy. 39 for more than fifty years without compensation. Defendants asserted that the three parcels comprising the roadbed of LA Hwy. 39 reverted to them in full ownership once the state or parish abandoned it as part of the state highway and, therefore, they were entitled to recover the full market value of the three parcels expropriated for the levee project.
Prior to submission of the matter to the district court, the parties stipulated that the market value of the unencumbered property was 36 cents per square foot and the number of square feet in question was 46,864 for a total value of $16,871.76. The district judge, after hearing the suit, rendered judgment in favor of the defendants and awarded them $16,871.76 in addition to attorney fees and expert witness fees. The judge found that the state abandoned the public road, LA Hwy. 39, by the taking and construction of the new levee upon it and the relocation of the highway to a point west of its original location. He also concluded that as a result of the abandonment of the roadbed, the land reverted to the defendants free and clear of any servitudes and, therefore, they were entitled to the unencumbered value of the land. The Levee District appealed. Finding error in the district judge’s reasoning and findings of fact, we reverse.
On appeal, the Levee District asserts three assignments of error. It contends 1) the trial judge erred in finding that the state legally abandoned the roadbed of LA Hwy. 39; 2) the judge erred in determining *375 the roadbed had a value of 36 cents per square foot, the value of the undiscounted, unencumbered, full value of the adjoining property; and, 3) the trial judge erred in awarding defendants expert witness and attorney fees.
It is undisputed that Plaquemines Parish took the three parcels of land beneath LA Hwy. 39 without compensation more than fifty years ago from the Caluda Family for the purpose of maintaining a public road. Under LSA-R.S. 48:491B this action constituted a tacit dedication of the land for the use of a public road.[1] What is disputed is the extent and duration of the dedication.
The Levee district contends that the state had never formally abandoned LA Hwy. 39 in accordance with LSA-R.S. 48:224 and, therefore, the fee title of the three parcels of land did not revert to the defendants. R.S. 48:224 provides for the abandonment of a section of the state highway system by the Department of Transportation and Development, formerly the Department of Highways. The statute reads as follows:
Section 224. Abandonment of highway; sale by department; acquisition by parish
A. When the secretary determines that certain sections of the state highway system for any reason ceased to be used by the public to the extent that no public purpose is served, he may by appropriate certification, accompanied by a plat or sketch placed on record in the parish in which the section of highway is located, declare that section to be abandoned.
B. However, prior to certifying the abandonment of a highway or section thereof, the secretary shall notify the governing authorities of the parishes through which it passes of his intention. If the governing authority or authorities indicate by proper resolutions their willingness and desire to take over the section proposed to be abandoned and to maintain it, the declaration of abandonment shall so state and thereafter the abandoned highway shall form part of the parish road system of the particular parish.
C. If the governing authority or authorities are unwilling to take over the highways to be abandoned and to maintain them, or in the event of the abandonment of any property acquired in servitude for right of way purposes, the realignment of which has been changed so as to make the right of way no longer needed for that purpose, the secretary may at his discretion dispose of the property at either public or private sale, but the original vendor of the property to the department, or his successors in title, or the owner of adjoining property may purchase it upon payment of the original cost to the department or its present appraised market value, whichever is the greater.
D. However, nothing in this Section nor in Section 221 shall be construed as requiring the department to abandon or sell any property or property right, especially where local service or frontage roads, or the closing or portions of lanes in multilane highways are concerned. Further, where the secretary determines there is no market for any area owned by the department or over which it has a servitude, that portion may be abandoned in accordance with the general laws of the state.
Once a roadway has become part of the state highway system it can only be abandoned by the formalities provided in LSA-R.S. 48:224. Lamartiniere v. Daigrepont, 121 So.2d 585 (La.App.2d Cir.1960); Lamartiniere v. Daigrepont, 168 So.2d 373 (La.App.3rd Cir.1964). Moreover, until such time as the Department of Highways formally abandons an unused stretch of *376 road, no other person can exercise dominion or ownership over it. R.S. 48:224 provides for the sale of strips, if neither the Department nor the appropriate Parish wish to maintain the road, and it is formally abandoned by the department. Gayle v. Department of Highways, 205 So.2d 775 (La.App.lst Cir.1967), writ refused, 251 La. 932, 207 So.2d 538 (1968).
In support of their argument that a formal act of abandonment was not required to prove abandonment, defendants cite the case of Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977). The Supreme Court in Robinson stated:
Abandonment of a public road must be evidenced by (1) a formal act of revocation in accordance with R.S. 48:701, (2) relocation of the public road by the governing body, or (3) clear and well-established proof of intent by the governing body to abandon. Starnes v. Police Jury of Rapides Parish, 27 So.2d 134 (La.App.2d Cir.1946). Nonuse of a strip of land as a public road or street for a period in excess of ten years may also result in termination of the public use. C.C. 789; Yiannopoulos, “Common, Public and Private Things in Louisiana: Civilian Tradition and Modern Practice,” 21 La.L.Rev. 696, 736 (1961). Id. . at 116.
Defendants contend that Plaquemines Parish abandoned LA Hwy. 39 by exhibiting clear proof of intent to abandon its use of the roadbed when it gave the Levee District the authority to expropriate the land and construct the new levee and also by relocating LA Hwy. 39 at a point west of its original location.
Initially we observe that Plaquemines Parish had no authority over LA Hwy. 39, a state highway, and it had no power to abandon the use of the highway. The power to abandon the highway rested solely within the Department of Transportation and Development. LSA-R.S. 48:224.
While the record in this case reflects that there was never a formal act of abandonment of that portion of LA Hwy. 39 at issue in accordance with LSA-R.S. 48:224, we do not find, as did the trial judge, that the state abandoned the roadbed by allowing the construction of the new levee upon it or by the relocation of the road. At the time the Levee District filed the expropriation suit, the property was burdened with a servitude in favor of the state as evidenced by LA Hwy. 39. Prior to expropriation, there was no action on the part of the state which exhibited its intent to abandon the roadbed as a public road. There is no evidence in the record to show that, at the time of expropriation, the road had been relocated. The state apparently chose to relinquish its servitude without compensation as it did not oppose the expropriation suit by intervention or appeal. But for expropriation judgment, the state would have had a perpetual servitude for the highway. Hence, we conclude the trial court erred in finding that the state legally abandoned the road and that the defendants’ ownership of the property was free of any servitudes or encumbrances, and by valuating it accordingly.
In an expropriation suit, market value of property and damages growing out of the expropriation must be determined at the date of the institution of the expropriation suit, and not at some indeterminate time in the future. Louisiana Power & Light Co. v. Simmons, 229 La. 165, 85 So.2d 251 (La.1956); Department of Transportation and Development v. Winn, 463 So.2d 648 (La.App.4th Cir.1984). At the time of expropriation, the roadbed of LA Hwy. 39 was dedicated as a public road for public use. The value of the land burdened with the servitude as of the date of expropriation could not be affected by any subsequent act or omission by the state. The deposition testimony of the Levee District’s appraiser reflects that the land encumbered with the servitude of the state highway had no market value. In view of our finding that defendants’ property was encumbered with the highway servitude at the time of expropriation, we find that the defendants’ ownership interest had no value, and it was error for the trial court to award any compensation for the taking of those parcels for levee purposes.
*377 The Levee District further argues that the trial judge erroneously awarded the defendants attorney fees and expert witness fees. Finding that the trial judge erred in awarding defendants $16,871.76 for the unencumbered value of the property, we also find he acted erroneously in awarding the defendants attorney fees in the amount of $2,000.00 and $1,100.00 in expert witness fees.
For the foregoing reasons, the judgment of the trial court is reversed. All costs are assessed against defendants.
REVERSED.
BECKER, J., concurs with reasons.
WILLIAMS, J., concurs for the reasons assigned by BECKER, J.

. Section 491. Public roads
B. All roads or streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by authority of a parish governing authority within its parish, or by authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, unless in the parish of Vermilion only such maintenance operations are conducted by authority of a parish or municipal governing authority pursuant to a written contract with the landowner which specifies that a private road or street shall not be or become a public road or street.